**ENTERED**

AUG 27 2009

**A.M.**

Case Number: 09-2083JW

**U.S. BANKRUPTCY COURT**
**District of South Carolina**

**FILED**

at ___ O'clock & ___ min ___ M

AUG 2 7 2009

United States Bankruptcy Court
Columbia, South Carolina (23)

The relief set forth on the following pages, for a total of 4 pages including this page, is hereby **ORDERED**.

FILED BY THE COURT ON 8/27/09



John E. Waites, Chief Judge
District of South Carolina

ENTERED: _____

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: )<br><br>INLET RETAIL ASSOCIATES, LLC, )<br> )<br>Debtor. ) | Case No. 09-02083-jw<br>Chapter 11 |

## ORDER FINALLY APPROVING DISCLOSURE STATEMENT AND CONFIRMING PLAN OF REORGANIZATION

The matter before this Court concerns confirmation of the Plan of Reorganization filed by Inlet Retail Associates, LLC (the "Debtor") on June 25, 2009 and final approval of the Debtor's Disclosure Statement which was conditionally approved by the Court on July 16, 2009. A hearing was held on August 27, 2009, after notice which was properly served on all parties in interest.

The only objection to both the Plan and the Disclosure Statement was filed by Regal Cinemas, Inc. On August 13, 2009, the Debtor filed an adversary proceeding (*Inlet Retail Associates, LLC v. Regal Cinemas, Inc.*, Adversary Proceeding No. 09-80125) against Regal Cinemas, Inc. ("Regal"). The claims asserted in the adversary proceeding are to recover allegedly past due rent from Regal, which is currently a tenant at the Debtor's Inlet Square Mall location. The Debtor's Plan discussed the filing of this litigation, and the Debtor has now filed the litigation.

Regal's objection is based on the assertion that it does not want confirmation of the Plan to be an implicit acquiescence that the Debtor has cured alleged defaults in its lessor obligations to Regal under its unexpired lease. Regal is concerned that confirmation of the Plan may be deemed to waive its claims and defenses under the lease.

To resolve its objection, the Debtor, Regal, and the primary lien holder, RAIT Partnership, L.P. ("RAIT") (as its interest may appear) have agreed that the pending litigation by and between the Debtor and Regal shall continue in the adversary proceeding but Regal shall not be prejudiced by confirmation of the Plan with respect to such litigation, and Regal, the Debtor and RAIT shall specifically retain all of their rights, remedies, claims, defenses, counterclaims and other causes of action, if any, arising from, related to, or in connection otherwise with the Regal lease, which are preserved and reserved for resolution in the pending adversary proceeding. The said parties have agreed to include this resolution in the within Order.

After due consideration, including testimony and evidence presented at the hearing, it appears to the Court that the requirements for final approval of the Disclosure Statement have been satisfied, and that the requirements for confirmation of the Plan have been satisfied. Accordingly, it is ORDERED, ADJUDGED AND DECREED, that

2

the Disclosure Statement filed by the Debtor on June 25, 2009, is finally approved.

IT IS FURTHER ORDERED that the Plan filed by the Debtor on June 25, 2009, as further modified by this Order in connection otherwise with the resolution of the objection filed by Regal, is hereby confirmed.

IT IS FURTHER ORDERED that the Debtor:

(1) File with the Clerk of this Court, pursuant to Bankruptcy Rule 2015(a) and Local Bankruptcy Rules 2015-1 and 2081-1(a)(3), each month until the case is closed by the Clerk, a monthly operating report which must be in a form satisfactory to the United States Trustee and must include any action taken toward the consummation of the Plan;

(2) File, with the Clerk of this Court, within 120 days after the entry of the Order of confirmation of the Plan:

   (a) an application for final decree,
   (b) a report of substantial consummation,
   (c) a final report
   (d) any objection to proofs of claim or interest against the debtor estate,
   (e) any amendments to the plan
   (f) any motion requesting an extension of the 120 day period pursuant to 11 U.S.C. Section 1142, and
   (g) any fee applications.

The failure to comply with the requirements of Local Bankruptcy Rule 2081-1 may result in the dismissal or the conversion of the case as provided therein.

IT IS FURTHER ORDERED that, except as provided in 11 U.S.C. Section 1142, this Court retains jurisdiction of this case only until the entry of the final decree.

AND IT IS SO ORDERED.

## CONSENTS TO ORDER FINALLY APPROVING DISCLOSURE STATEMENT AND CONFIRMING PLAN OF REORGANIZATION:

/s/ Ivan N. Nossokoff
Ivan N. Nossokoff, Esq.
District Court No. 2556
IVAN N. NOSSOKOFF, LLC
1470 Tobias Gadson Blvd., Suite 107
Charleston, SC 29407
843-571-5442

/s/ Julio E. Mendoza, Jr.
Julio E. Mendoza, Jr., Esq.
District Court No. 3365
NEXSEN PRUET, LLC
P. O. Drawer 2426
Columbia, SC 29202-2426
803-540-2026

/s/ Rory Whelehan
Rory Whelehan, Esq.
District Court No. 7657
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
550 South Main Street, Suite 400
Greenville, South Carolina 29601
864-255-5404